UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BEHREND, BEHREND & KNITTEL FARMS; COMA FARMS, L.L.C; and MONTY & CAROLENE FUNK PARTNERSHIP d/b/a COUNTY LINE FARMS; on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>      Defendant. | Case No. 4:13-cv-00250-BLW<br><br>MEMORANDUM DECISION AND ORDER |

### INTRODUCTION

Before the Court is Plaintiffs' Motion to Stay (Dkt. 29). For the reasons explained below, the Court will grant the motion and stay these proceedings pending a decision by the Judicial Panel on Multi-District Litigation.

### DICUSSION

In June of this year, plaintiffs sued Monsanto Company, alleging damages related to Monsanto's field trials of genetically engineered wheat. *See Compl.,* Dkt. 1. Fourteen

other, similar actions have been filed around the country and plaintiffs have moved the Judicial Panel on Multi-District Litigation to coordinate and transfer all cases to a single forum.  Monsanto agrees that the matters are appropriate for consolidation.  The parties disagree as to the appropriate transferee forum, but nobody is arguing that the District of Idaho is the appropriate forum.  The Panel will hear argument on the motion to transfer on September 26, 2013.

Meanwhile, in this case, Monsanto has moved to dismiss the complaint.  *See* Dkt. 28.  Plaintiffs' response is due September 6, 2013.  Plaintiffs argue that unless this case is stayed, they will be substantially prejudiced by duplicative motion practice.  More specifically, they indicate that if the cases are transferred and consolidated, they will file an amended complaint, which may contain new or different claims.  Monsanto, on the other hand, generally asserts it will be prejudiced if the Court imposes a stay.

The motion to transfer "does not affect or suspend orders or pretrial proceedings . . . or limit the jurisdiction" of this court.  JPML Rule 2.1(d).  However, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  To determine whether it should exercise its discretion to stay a case, the district court considers: (1) whether staying the action serves judicial economy; and (2) the potential prejudice to the parties.  *See, e.g., Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007).

The Court finds that a brief stay will not prejudice Monsanto and, by contrast, will serve the interests of judicial economy and prevent an unnecessary hardship to the plaintiff.  A transfer seems quite likely, as there are fifteen actions pending around the country and both parties agree that transfer and consolidation are appropriate.  Under these circumstances, the Court is not inclined to force the parties to press ahead with the briefing schedule on Monsanto's motion to dismiss in this case.  If the Panel denies the transfer, Monsanto may promptly move to lift the stay and resume briefing on its motion.

## ORDER

IT IS ORDERED that

(**1**) Plaintiff's Motion to Stay (Dkt. 29) is **GRANTED.**  All proceedings in this action are therefore **STAYED** and all current deadlines are **VACATED** pending a ruling by the Judicial Panel on Multi-District Litigation.

(**2**) The parties shall notify the Court of the Panel's decision within seven days of its ruling.

DATED: August 30, 2013

_____
B. Lynn Winmill
Chief Judge
United States District Court